IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SERVIS ONE, INC., et al.          :     CIVIL ACTION
                                  :     NO. 20-4661
          Plaintiff,              :
     v.                           :
                                  :
OKS GROUP, LLC et al.,            :
                                  :
          Defendants.             :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            May 4, 2022

## I.    INTRODUCTION

This is a breach of contract and fraud case that the Court referred to Magistrate Judge Sitarski for discovery. Before the Court are Defendants' objections to Judge Sitarski's memorandum and order dated February 28, 2022, in which she granted in part and denied in part Defendants' motion to exceed seven hours of deposition testimony for nonparty witness Kelly Bonner.

Because Defendants do not point to any clear error of law in Judge Sitarski's memorandum or order, their objections will be overruled.

## II.   RELEVANT BACKGROUND

Plaintiffs Servis One, Inc., BSI Financial Holdings, Inc., Entra Solutions Pvt, LTD, and Gagan Sharma bring this case against Defendants OKS Group, LLC, OKS Group International Pvt. LTD, and Vinit Khanna alleging that Defendants breached a

settlement agreement and made fraudulent misrepresentations concealing the breach.

The parties first agreed to a global settlement of all claims against each other, including criminal proceedings against Plaintiffs in India, in July 2018. On August 13, 2019, Plaintiffs filed a lawsuit to enforce the settlement. Defendants admitted during the course of that action that they agreed to a global settlement of all claims, but asserted that the agreement was not binding because of a mutual mistake of law as to the procedures the Defendants could utilize to terminate a criminal complaint they had filed against the Plaintiffs in India. Defendants were represented in this action by Steven Friedman, Esq., and Kelly Bonner, Esq., who were a partner and an associate, respectively, at Duane Morris LLP ("Duane Morris").

On March 10, 2021, Defendants' then-counsel communicated to Plaintiffs and the Court that Defendants had accepted another settlement proposal. Mr. Friedman and Ms. Bonner have since testified that Defendants authorized them to make these communications, but Defendants deny that they ever authorized acceptance of the agreement. The settlement agreement was never executed.

On July 23, 2020, Duane Morris informed Defendants that if they wished to challenge the existence of a binding settlement agreement, they would need to obtain new counsel because its

2

attorneys would be fact witnesses in the matter. Mr. Friedman and Ms. Bonner subsequently ended their representation of Defendants, and Defendants obtained new counsel.

Plaintiffs initiated the present action on September 23, 2020. On October 26, 2021, the case was referred to Magistrate Judge Sitarski for discovery purposes.

On October 18, 2021, the parties deposed Ms. Bonner. The deposition lasted seven hours, split evenly between each side. Defendants subsequently notified Plaintiffs that they wanted up to an additional three and a half hours to depose Ms. Bonner, but Duane Morris refused to produce her for any additional time. In response, Defendants filed a motion that, inter alia, requested the Court grant them the requested additional time to complete the deposition of Ms. Bonner.

In a memorandum opinion dated February 28, 2022, Magistrate Judge Sitarski granted the request in part and denied it in part. Rather than grant Defendants' request for an additional 3.5 hours to depose Ms. Bonner, Judge Sitarski ordered that Duane Morris produce Ms. Bonner for an additional three-hour deposition, which time would be equally split between Plaintiffs and Defendants.

In the opinion, Judge Sitarski considered several factors found in the Advisory Committee notes to the 2000 amendment to Federal Rule of Civil Procedure 30(d) that courts have

considered when determining whether to extend the time for a deposition beyond the default 7-hour limit. Due to the nature of Ms. Bonner's involvement and because the parties were required to split the time for Ms. Bonner's deposition equally, Judge Sitarski found that Defendants had established good cause to extend the deposition time beyond seven hours. Nonetheless, she found further that based on the opportunity Defendants already had to obtain the vital information and the risk of cumulative or duplicative testimony, the additional time should be limited to three hours split equally between Plaintiffs and Defendants.

Defendants filed objections to the memorandum and order, to which both Plaintiffs and Duane Morris LLP and Ms. Bonner filed responses.

## III. STANDARD OF REVIEW

A district court may reverse a Magistrate Judge's discovery order if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Haines v. Liggett Group Inc., 975 F.2d 81, 92 (3d Cir. 1992) ("It is undisputed that the proper standard of review for discovery orders is the 'clearly erroneous or contrary to law standard.'") (citing 28 U.S.C. § 636(b)(1)(A)). "This standard affords magistrates broad discretion in resolving discovery disputes." Conway v. State Farm Fire & Cas. Co., No. 98-cv-0832, 1998 WL 961365, at *1 (E.D. Pa. 1998).

**IV.  DISCUSSION**

Federal Rule of Civil Procedure 30(d)(1) states that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. A court's granting of any additional time must be limited by Rule 26(b)(2)(C), which requires that the frequency or extent of discovery be limited if the discovery sought is unreasonably cumulative or duplicative or can be more conveniently be obtained from some other source, if the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or if the proposed discovery is outside the scope permitted by 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

The Advisory Committee notes accompanying Rule 30(d) list a number of non-exhaustive factors that courts may consider in determining whether to extend the time for a deposition, including (1) whether an interpreter is needed, (2) whether the examination covers events occurring over a long period of time, (3) whether the witness will be questioned about numerous or lengthy documents, (4) whether documents have been requested but not produced, (5) whether it is a multi-party case in which the

time for each party to examine the witness is divided, and (6) whether the witness is an expert whose theories may need additional time to fully explore.

Judge Sitarski found that good cause existed to extend Ms. Bonner's deposition beyond seven hours. She found particularly relevant that, while this is not the typical multi-party case as there are essentially only "two sides," the parties were required to split the allotted time for Ms. Bonner's deposition equally because she was a non-party. Based on Ms. Bonner's role in the events relevant to the case, Judge Sitarski found that there was good cause for extending the time for her deposition by three hours—1.5 hours for Defendants and 1.5 hours for Plaintiffs. Based on what Defendants had already covered in the first deposition with Ms. Bonner, she concluded that any time beyond this would not be proportional to the needs of the case.

Defendants argue in their objections that based on Ms. Bonner's role in the case, Judge Sitarski erred granting them only 1.5 additional hours to depose her. They state four reasons why they need more time: (1) They are not able to speak directly with Ms. Bonner outside of the deposition; (2) she is a key witness in the action, (3) there is a large volume of exhibits as to which she is the sender or recipient, and (4) she is a hostile witness to Defendants rather than a typical third-party witness.

Defendants' objections will be overruled because they do not point to any part of Judge Sitarski's memorandum or order that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). They cite no law that the order contradicts and advance no argument that Judge Sitarski applied an improper legal standard or set of factors. On the contrary, Judge Sitarski chose to limit the additional time for Ms. Bonner's deposition to avoid the risk of cumulative or duplicative testimony and to prevent Ms. Bonner and Duane Morris LLP from suffering harassment or inconvenience as non-parties to the case. See Fed. R. Civ. P. 26(b)(2)(C)(i) (directing courts to limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative); Avago Techs. U.S., Inc. v. IPtronics, Inc., 309 F.R.D. 294, 297 (E.D. Pa. 2015) ("Broader restrictions may be necessary to prevent a non-party from suffering harassment or inconvenience.") (citation omitted). In reaching her conclusion after weighing these relevant factors, Judge Sitarski clearly acted within her "broad discretion in resolving discovery disputes." Conway v. State Farm Fire & Cas. Co., No. 98-cv-0832, 1998 WL 961365, at *1 (E.D. Pa. 1998).[1]

---

[1]    Plaintiffs also argue that Defendant's objections should be overruled because their request for a third deposition of Ms. Bonner is made for an improper purpose. They assert that the second 1.5-hour deposition of Ms. Bonner was "entirely unnecessary, duplicative, and cumulative." Pl's Resp. at 2, ECF No. 87. According to Plaintiffs, Defendants are attempting to use

V.    **CONCLUSION**

For the foregoing reasons, Defendants have failed to establish that anything in Judge Sitarski's order was clearly erroneous or contrary to law. Accordingly, their objections will be overruled.

An appropriate order follows.

---

additional deposition time to revisit previously discussed topics to "manufacture discrepancies with Ms. Bonner's prior testimony on the exact same subject and documents." Id. at 3. The Court need not address this argument, however, because Defendants have failed to state any valid objection to the order in any event.